IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID BLOMMEL

                Plaintiff,                ORDER

  v.

                                          14-cv-518-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff David Blommel seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. On July 9, 2015, the court heard oral argument in this case. For reasons discussed during the hearing, the court will remand this case to the Commissioner for further proceedings.

      Blommel alleged that he was unable to work because of a range of physical impairments related to his back, hand, and neck. He also suffered seizures. The ALJ assessed Blommel with severe impairments of herniated disc/narrowing post-surgery in his neck, seizures, chronic obstructive pulmonary disease, and alcohol abuse. R. 22.[1] After assigning Blommel the residual functional capacity to perform sedentary work with additional limitations, the ALJ found that Blommel was not disabled because there was work available to him. R. 30.

      Remand is required because the ALJ erred in his consideration of two medical source opinions. First, the ALJ failed to adequately explain why he did not give controlling weight to the opinion of Blommel's treating neurologist, Dr. Erikson. The ALJ withheld controlling weight because Dr. Erickson did not consider the Blommel's alcohol and tobacco abuse in rendering her opinion. R. 29. But this reason is inadequate because the ALJ acknowledged that "at least one of

---

[1] Record cites are to the administrative record, Dkt. 9.

the claimant's seizures was not related to alcohol withdrawal." R. 26. The ALJ cited Dr. Erikson's own treatment notes when making this finding, which demonstrates that her opinion *did* take into consideration Blommel's alcohol abuse. *Id.* (emphasis added.) The ALJ herself stated that Blommel would "still have impairments that curtailed his functional limitation even if [he] were not abusing alcohol." R. 27. These factors cut in favor of Dr. Erikson's opinion, not against it. The ALJ also discredited Dr. Erickson's opinion controlling weight because it was purportedly "issued for litigation purposes." *Id.* But this reason conflicts with *Punzio v. Astrue*, 630 F.3d 704, 712-13 (7th Cir. 2011), which holds that a purported litigation motive is not a sound reason to discredit a treating source opinion.

The Commissioner argued that ALJ appropriately weighed Dr. Erikson's opinion because the ALJ incorporated all of Dr. Erikson's limitations into the RFC (other than perhaps the limitations related to seizures). But this adds to the confusion because the ALJ expressly gave Dr. Erikson's opinion "little weight." R. 28. On remand, the ALJ should provide a clear and logical analysis of Dr. Erikson's opinion. Without an explanation of which parts of Dr. Erikson's opinions are credited, the district court cannot engage in meaningful review. *See Herron v. Shalala*, 19 F.3d 329, 333–34 (7th Cir. 1994).

The second opinion that the ALJ failed to properly analyze was that of Blommel's treating physician, Dr. Dryer. The ALJ was entitled to withhold controlling weight from Dr. Dryer's opinion because her treatment notes were inconsistent with her opinion and with the medical record. R. 27. But the ALJ nevertheless failed to explain what weight the opinion deserved by using the factors laid out in 20 C.F.R. § 404.1527(c)—including, among others, the length, nature, and extent of the treating relationship. The ALJ's failure to balance these factors makes remand necessary. *See Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).

This order does not mandate that any medical opinion be given a particular weight, nor does it mandate a finding of disability. But on remand, the ALJ must articulate valid reasons for withholding controlling weight from Dr. Erickson's opinion. And for opinions that do not deserve controlling weight, the ALJ must identify and apply the pertinent regulatory factors in 20 C.F.R. § 404.1527(c) to weigh Dr. Erikson and Dr. Dryer's opinions. For example, merely mentioning that Dr. Erikson was a neurologist is not enough; the ALJ must explain how that factor weighs "for or against" crediting the opinion.

The ALJ should also reconsider the following issues:

- *Credibility:* The court is not persuaded by the ALJ's reasoning for discounting Blommel's credibility—*i.e.,* the belief that Blommel was "motivated" to apply for disability benefits because of "outstanding child support obligations." R. 28. This reasoning draws no logical bridge between it and the conclusion to discount Blommel's subjective complaints related to the nature of his impairments.

- *Lay witnesses:* There is nothing in the ALJ's decision addressing the lay testimony from Blommel's wife, Barbara, or from his friend, James. Such evidence may well corroborate Blommel's allegations of debilitating impairments, particularly those impairments related to use of his hand and sitting/standing limitations. The ALJ must therefore evaluate this testimony on remand.

- *RFC Deficiency:* Upon reconsideration of the treating sources and the lay witnesses, the ALJ may need to modify his RFC finding to accommodate the medical limitations that were not previously credited. Of course, this may also affect the questions that the ALJ proposes to the vocational expert.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further

proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered July 14, 2015.

BY THE COURT:

\_\_\_/s/_____
JAMES D. PETERSON
District Judge